**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CAROL PASELK | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-262 |
| | § | Judge Clark/Judge Mazzant |
| BAYVIEW LOAN SERVICING, LLC, | § | |
| ET AL. | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 9, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion for Sanctions or Formal Reprimand [Doc. #16] be denied [Doc. #28]. On April 25, 2014, Plaintiff filed objections [Doc. #38].

This lawsuit began on May 8, 2013, when Plaintiff *pro se* filed this action in this court. Plaintiff asserts that Defendants' counsel Joseph M. Schreiber ("Schreiber") mischaracterized this case, as demonstrated in his statement in footnote one of Defendants' reply concerning Defendants' motion to dismiss, which stated that "Bayview has learned that [Myrle] Reynolds was not Paselk's boyfriend as stated in Bayview's Motion to Dismiss, which Bayview assumed from the context of Plaintiff's Complaint."

1

Plaintiff asserts that she corrected Schreiber for this "blatant, unerasable and now publicly written false assumption that Reynolds was Paselk's boyfriend, and had 'left her.'" Plaintiff requests that the court issue a sanction, or at the very least formally reprimand Schreiber for his callous disregard for the truth.

The Magistrate Judge determined that Plaintiff's request for sanctions lacked merit. The court agrees; Plaintiff's objections have no merit. Plaintiff first objects to the Magistrate Judge's statement regarding background information relating to Plaintiff's prior lawsuit, *Paselk v. State of Texas*, No. 4:12cv754. The prior case was dismissed with prejudice, with the court finding that Plaintiff had no plausible claims. Although Plaintiff now wants to object to the Magistrate Judge's recitation of these background facts, the court overrules this objection.

With regard to the issue of Plaintiff's motion for sanctions, she asserts that the Magistrate Judge somehow defends Schreiber. These types of statements have no basis in fact and are inappropriate in this proceeding. In the future, Plaintiff should restrict her comments to the law or the facts, or risk being sanctioned by the court.

The Magistrate Judge correctly found that Plaintiff failed to cite any authority for sanctions. Plaintiff objects, asserting that she cited the Bible. The court agrees that Plaintiff failed to cite any legal authority to support an award of sanctions. What is clear to the court is that Schreiber made a mistake, which he corrected. Sanctions are not warranted for this error, and the Magistrate Judge was correct in recommending the denial of the motion. The court would advise Plaintiff to watch her tone in documents she files with this court. Disrespect will not be tolerated.

Having received the report of the United States Magistrate Judge, and considering the

objections thereto filed by Plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Plaintiff's Motion for Sanctions or Formal Reprimand [Doc. #16] is **DENIED**.

So **ORDERED** and **SIGNED** this **2** day of **July, 2014.**

_____
Ron Clark, United States District Judge