# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CAROL PASELK | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-262 |
| | § | |
| BAYVIEW LOAN SERVICING, LLC | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 10, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's motion for summary judgment (Dkt. #61) be granted, and Plaintiff's case be dismissed with prejudice.

On December 12, 2014, Plaintiff filed a Notice to the Court (Dkt. #63), a Motion to Compel Attorney Paul Kerlin to Provide a Copy of His Defendant Bayview's Motion for Summary Judgment (Dkt. #64), Plaintiff's Motion for Extension of Time to File a Response to Defendant Bayview's Motion for Summary Judgment (Dkt. #65), and Plaintiff's Motion to Deny Defendant Bayview's Motion for Summary Judgment (Dkt. #66). In each of these three pleadings, Plaintiff asserts that she called the Federal District Clerk's office on December 10, 2014, to ask if there were updates on the docket sheet for her case and was informed that there was a pending motion for summary judgment noted as docket number 61. Plaintiff contends that she never received a copy of the motion for summary judgment. Plaintiff asserts that she contacted counsel for Defendant, Paul Kerlin, at his office and by email to request a copy of the motion for summary judgment and still indicates that she has not received a copy of this motion.

1

Plaintiff asserts that the last item she received from Mr. Kerlin's office was a large manila envelope with Certified Return Receipt No. 7013 1710 0002 3233 8728, which contained the following items: (1) affidavit of Bayview Loan Servicing, LLC; and (2) 165 pages of documents. Plaintiff asserts that no motion for summary judgment was included in this package. On December 22, 2014, Plaintiff submitted an affidavit indicating that she never received a copy of the motion (Dkt. #68).

In its response, Defendant contends that it served its motion for summary judgment with exhibits and proposed order in accordance with the Federal Rules of Civil Procedure by U.S. Postal Service by certified mail return receipt requested on Plaintiff (Dkt. #67). Defendant mailed the motion and exhibits on October 31, 2014, and received the green card for the service package, which included the signature of Plaintiff dated November 7, 2014 (Dkt. #67, Ex. 1). Further, Defendant asserts that the package contained 179 total pages, comprised of 24 pages of the motion, 154 pages of the affidavit and exhibits, and a one page proposed order, and notes that Plaintiff admits to receiving 165 pages of documents. Further, Defendant contends that it attempted in good faith to confer with Plaintiff regarding the motion for summary judgment and attaches an e-mail document that indicates Mr. Kerlin e-mailed Plaintiff a copy of the motion on December 11, 2014 (Dkt. #67, Ex. 3).

After reviewing the motion, the Court finds that Plaintiff received a copy of the motion for summary judgment with exhibits. Plaintiff indicates that she received 165 pages of documents, which is more than the exhibits and affidavit would have been if sent alone, and Defendant represents that it served Plaintiff with copies of the motion. In addition, Mr. Kerlin e-mailed Plaintiff a copy of the motion.

However, even if Plaintiff did not receive a copy of the motion for summary judgment, Plaintiff does not object to the substance or findings of the report and recommendation. The Magistrate Judge found that Plaintiff's claims were barred by the statute of limitations, and agreed with Defendant that Plaintiff offered no evidence in support of her claims for wrongful foreclosure, breach of contract, economic duress, lost profits, fraud, fraudulent misrepresentation, wrongful interference, and negligence. Plaintiff does not challenge or otherwise disagree with the findings of the Magistrate Judge, and there is nothing in the record to suggest that Plaintiff has evidence to demonstrate a genuine issue of material fact on her claims.

Having received the report of the United States Magistrate Judge, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment is hereby **GRANTED**, and Plaintiff's case is **DISMISSED** with prejudice.

It is further **ORDERED** that Plaintiff's Motion to Compel Attorney Paul Kerlin to Provide a Copy of His Defendant Bayview's Motion for Summary Judgment (Dkt. #64), Plaintiff's Motion for Extension of Time to File a Response to Defendant Bayview's Motion for Summary Judgment (Dkt. #65), and Plaintiff's Motion to Deny Defendant Bayview's Motion for Summary Judgment (Dkt. #66) are hereby **DENIED**.

The Clerk is directed to CLOSE this civil action.

**Signed on this date**
**Jan 14, 2015**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE